**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

TAAVON JACKSON,
Plaintiff,

v. Case No. 3:24-CV-533 (OAW)

JEAN CAPLAN, et al.,
Defendants.

**INITIAL REVIEW ORDER**

Self-represented plaintiff Taavon Jackson, a sentenced[1] inmate, has filed a complaint naming two defendants, Jean Caplan and John Doe. Plaintiff alleges that Defendant Caplan works at MacDougall Correctional Institution. He provides no information about Defendant Doe. Plaintiff alleges that Defendants are deliberately indifferent to his serious medical need because they refuse to schedule him for required surgery. He seeks damages from Defendants in their individual capacities and an injunction directing that the surgery be scheduled.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer, or an employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the

[1] Information from the State of Connecticut Department of Correction website shows that Plaintiff was sentenced on August 16, 2023, to a four-year term of imprisonment. *See* Offender Information Search, available at: www.ctinmateinfo.state.ct.us/ (Inmate Number 402892) (last visited Apr. 19, 2024). The court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425(KAD), 2023 WL 1818545, at *2 n.1 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

The court has thoroughly reviewed all factual allegations in the Complaint and has conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial review, the court orders as follows.

## I. FACTUAL BACKGROUND

On October 19, 2023, Plaintiff was diagnosed with gynecomastia. ECF. No. 1 ¶ 6. He has painful masses in each breast. *Id.* ¶ 7. Defendant APRN Caplan referred Plaintiff for a surgical consultation at the University of Connecticut Health Center. *Id.* ¶ 9. The surgeon recommended surgery. *Id.* ¶ 8.

Defendants Caplan and Doe have the authority to schedule a date for the surgery. *Id.* ¶ 15. However, neither has done so. *Id.* ¶¶ 10-11. As a result of the lack of surgery, or even a scheduled date, Plaintiff is in constant pain. *Id.* ¶¶ 12-13.

## II. DISCUSSION

Plaintiff contends that Defendants were deliberately indifferent to his serious medical need. The Eighth Amendment prohibits "deliberate indifference to serious medical needs of prisoners." *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (internal quotation marks and citation omitted). Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's

needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

A claim for deliberate indifference to medical needs is comprised of objective and subjective elements. Objectively, the plaintiff must allege a "sufficiently serious" medical condition. *Spavone*, 719 F.3d at 138 (citation omitted). To determine whether a condition is "serious," courts consider whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted). Subjectively, the plaintiff must allege that the defendant "knew of and disregarded the plaintiff's serious medical needs." *Id.* at 703. This culpable mental state exceeds mere negligence and is akin to criminally reckless intent. *See Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994); *Zafrin v Department of Corr.*, No. 3:22-cv-1339 (KAD), 2023 WL 8653940, at *5 (D. Conn. Dec. 14, 2023). In addition, a disagreement over the treatment provided does not show deliberate indifference. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (citing *Chance*, 143 F.3d at 703); *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("It has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment .... [T]he essential test is one of medical necessity and not one simply of desirability." (internal quotation marks and citation omitted)).

Plaintiff alleges that he suffers from gynecomastia and is in constant pain. Where

a plaintiff alleges that gynecomastia significantly interferes with his daily activities or causes him substantial pain, gynecomastia can be considered a serious medical need. *See LaTouche v. Rockland Cnty.*, No. 22-CV-1437(LTS), 2022 WL 953111, at *8 (S.D.N.Y. Mar. 29, 2022) (citing cases). For purposes of initial review, the court assumes that Plaintiff has a serious medical need.

Plaintiff alleges that a surgeon recommended surgery but Defendants, who have the authority to schedule surgical procedures, have not done so. Based on the facts alleged, the court concludes that Plaintiff has sufficiently alleged that Defendants were aware of his need for surgery and disregarded it. The claims will proceed for further development of the record. *See Neary v. Wu*, 753 F. App'x 82, 84 (2d Cir. 2019) (affirming denial of motion to dismiss where plaintiff alleged he suffered chronic pain due to gynecomastia and his pain was insufficiently treated).

**<u>ORDERS</u>**

The case will proceed on the Eighth Amendment claims for deliberate indifference to medical needs against the defendants in their individual capacities for damages, and in their official capacities for injunctive relief.

The court enters the following additional orders:

(1) The Clerk of Court shall please verify the current work addresses for Defendant Caplan with the Department of Correction Office of Legal Affairs, mail to her within twenty-one (21) days of this order a waiver of service of process request packet (containing the complaint and this order) at her confirmed address, and report to the court

on the status of the waiver request on the thirty-fifth (35th) day after mailing. If the defendant fails to return the waiver request, the Clerk shall please make arrangements for in-person service by the United States Marshals Service on the defendant in her individual capacity, and the defendant shall be required to pay the cost of such service.

(2) The Clerk is further directed to please effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106, within twenty-one (21) days of this order.

(3) The Clerk shall send Plaintiff a copy of this order.

(4) Defendants shall file their responses to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or if the response is not timely, the dispositive motion can be granted given the absence of any timely objection.

(8) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff also should notify Defendants or the attorney for Defendants of his new address.

(9) Plaintiff shall utilize the Prisoner Electronic Filing Program when filing documents with the court. Plaintiff is advised that e-filing only may be used to file documents with the court. Local court rules provide that discovery requests are not filed with the court, so discovery requests instead must be served on Defendants' counsel by regular mail. In addition, Plaintiff must serve copies of all documents by regular mail on any defendant who does not participate in e-filing.

(10) The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to Plaintiff.

(11) The court cannot effect service of the complaint on Defendant Doe without his full name and current work address. Once Defendant Caplan has appeared, Plaintiff is directed to serve a discovery request on counsel to obtain this information and to file a notice containing the information with the court. Once the court receives Defendant Doe's name and current work address, the court will order service on him.

IT IS SO ORDERED at Hartford, Connecticut, this 22nd day of April, 2024.

/s/
Omar A. Williams
United States District Judge